## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00818

**JEREMY LAWHON**

Plaintiff,

v.

**UNITED STATES OF AMERICA**

Defendant.

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, Jeremy Lawhon, by and through his counsel, Jason Walker of Bachus & Schanker, LLC, for his Complaint for Damages Under the Federal Tort Claims Act against Defendant United States of America, hereby states and alleges as follows:

## JURISDICTION AND VENUE

1. The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence in connection with the Federal Bureau of Prisons' National Corrections Academy's operation of a motor vehicle.

2. The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment.

3. Plaintiff Jeremy Lawhon has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

4. This suit has been timely filed, in that Plaintiff Jeremy Lawhon timely served notice of his claim on both the Federal Bureau of Prisons' National Corrections Academy and the United States of America less than two years after the collision forming the basis of this suit.

5. Plaintiff Jeremy Lawhon is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Federal Bureau of Prisons' National Corrections Academy's January 12, 2018 final denial of administrative claim. ***Exhibit 1***, *Administrative Tort Claim Denial Letter*.

## JURISDICTION AND VENUE

6. Plaintiff Jeremy Lawhon incorporates all previous allegations above as though fully set forth herein.

7. Plaintiff Jeremy Lawhon is, and at all times relevant hereto was, a resident of Arapaho County, Colorado.

8. Defendant United States of America, through its agency, the Federal Bureau of Prisons' National Corrections Academy, caused an auto collision on or about August 18, 2016, whereby its agent or employee was acting within the scope of her office or employment under circumstances where the United States of America, if a private person, would be liable to Plaintiff Jeremy Lawhon in accordance with the laws of the State of Colorado, See 28 U.S.C. § 1346(b); and 28 U.S.C. § 2674.

9. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

10. Venue lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1402(b), in that all, or a substantial part of the occurrence and injuries giving rise to this action occurred in the District of Colorado.

## ALLEGATIONS

11. Plaintiff Jeremy Lawhon incorporates all previous allegations above as though fully set forth herein.

12. On August 18, 2016, Plaintiff sustained injuries when he was involved in a motor vehicle collision on eastbound East 30th Avenue just west of Peoria Street in Arapahoe County, Colorado (hereinafter "Collision").

13. At or about the aforementioned date and time, Plaintiff was travelling on a 1998 Honda CBR 600 Motorcycle with a Colorado license plate number 463OAH (hereinafter "Honda").

14. At or about the aforementioned date and time, Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano, was the operator of a 2010 Ford E350 van with a United States license plate number J0038DET (hereinafter "Ford").

15. At or about the aforementioned date and time, Plaintiff was travelling eastbound on East 30th Avenue west of the intersection with Peoria Street.

16. At or about the aforementioned date and time, Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano, was parked on the south side of East 30th Avenue facing east.

17. At or about the aforementioned date and time, Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano, had a duty to maintain a proper lookout before turning into traffic.

18. Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano, failed to keep a proper lookout thereby turning a U-turn in front of Plaintiff Jeremy Lawhon.

19. Plaintiff Jeremy Lawhon could not stop or avoid the Ford since it suddenly pulled out in front of him without warning.

20. At or about the aforementioned date and time, Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano, failed to operate the above referenced Ford in a reasonably prudent manner, failed to keep a proper lookout, and failed to yield to oncoming traffic, thereby causing a collision with Plaintiff.

21. When Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano, struck Plaintiff, it was operating the Ford in a negligent, careless, and imprudent manner, failing to take the safety of others into account.

22. Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano's negligent and careless actions were a direct and proximate cause of Plaintiff's injuries, damages, and losses sustained on or about the aforementioned time, date, and place.

23. Plaintiff was not comparatively negligent in causing the above-described collision that occurred on or about August 18, 2016.

24. As a direct and proximate result of the incident giving rise to this suit, Plaintiff has suffered injuries, damages and losses.

25. As a direct and proximate result of Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano's negligence, Plaintiff has incurred past and future economic expenses, damages, and losses, including, but not limited to, past and future medical expenses and loss of earning capacity.

26. As a direct and proximate result of Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

27. As a direct and proximate result of Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano's negligence, Plaintiff has suffered physical impairment.

**FIRST CLAIM FOR RELIEF**
**(Negligence Against United States of America)**

28. Plaintiff Jeremy Lawhon incorporates all previous allegations above as though fully set forth herein.

29. Defendant United States of America owed Plaintiff Jeremy Lawhon a duty to use reasonable care in the operation of the above referenced Ford.

30. Defendant United States of America breached the above referenced duty, without limitation, in the following ways:

    a. Failing to keep a proper lookout;
    b. Failing to yield to traffic;
    c. Operating a vehicle in a careless manner;
    d. Operating a vehicle in a reckless manner; and
    e. Operating a vehicle in a negligent manner.

31. The above listed breaches of duty are a direct and proximate cause of the injuries sustained by Plaintiff Jeremy Lawhon.

32. As a result of Defendant United States of America's breaches of the aforementioned duties, Plaintiff has sustained past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, mileage, loss of time, and other economic damages related to injuries sustained in the collision as described above.

33. As a result of Defendant United States of America's breaches of the aforementioned duties, Plaintiff has sustained past and future non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress and impairment of quality of life.

34. As a result of Defendant United States of America's breaches of the aforementioned duties, Plaintiff has suffered physical impairment.

## SECOND CLAIM FOR RELIEF
### (Vicarious Liability, Respondeat Superior, and/or Agency)

35. Plaintiff Jeremy Lawhon incorporates all previous allegations above as though fully set forth herein.

36. At all times relevant to this matter, Tracey L. Kahoano was an employee and/or agent acting in the course and scope of her duties for Defendant United States of America.

37. At all times relevant to this matter, Tracey L. Kahoano was operating the Ford van within the course and scope of her employment, as an agent, and/or with the authority of Defendant United States of America.

38. At all times relevant to this matter, the acts and/or omissions of Tracey L. Kahoano, including but not limited to the acts and/or omissions detailed in this Complaint, including claims of negligence, are by law deemed the acts and/or omissions of Defendant United States of America.

WHEREFORE, Plaintiff Jeremy Lawhon demands judgment against Defendant United States of America in the amount of $127,275.00, interest as permitted by law, and for such other and further relief as the Court may deem just and proper.

Dated this April 8, 2018.

Respectfully submitted,

*/s/ Jason L. Walker*
Jason L. Walker, 36225
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: (303) 893-9800
Facsimile:  (303) 893-9900
jason.walker@coloradolaw.net
*Attorney for Plaintiff Jeremy Lawhon*