**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-00818-MJW

JEREMY LAWHON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

**SCHEDULING ORDER**

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The scheduling conference is scheduled to occur on June 19, 2018, at 11:00 a.m.  The following attorneys will be present as counsel of record.

Plaintiff, Jeremy Lawhon is represented by:
    Jason L. Walker, Esq.
    BACHUS & SCHANKER, LLC
    1899 Wynkoop Street, Suite 700
    Denver, Colorado 80202
    Telephone: (303) 893-9800
    Facsimile: (303) 893-9900
    E-mail:  jason.walker@coloradolaw.net

Defendant United States of America is represented by:
    W. Dean Carter, Esq.
    Special Assistant United States Attorney
    Mark S. Pestal, Esq.
    Assistant United States Attorney
    1801 California Street, Suite 1600 Denver, CO 80202
    Telephone: 303-454-0100
    E-mail:  william.carter@usdoj.gov
           mark.pestal@usdoj.gov

## 2. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction and personal jurisdiction over the claims herein which are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq*.) and 28 U.S.C. § 1346(b)(1), for negligence in connection with the Federal Bureau of Prisons' National Corrections Academy's operation of a motor vehicle.

Venue lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1402(b), in that all, or a substantial part of the occurrence and injuries giving rise to this action occurred in the District of Colorado

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

Plaintiff was involved in an auto collision with a Federal employee. On August 18, 2016, Plaintiff sustained injuries when he was involved in a motor vehicle collision on eastbound East 30th Avenue just west of Peoria Street in Arapahoe County, Colorado (hereinafter "Collision"). At or about the aforementioned date and time, Plaintiff was travelling on a 1998 Honda CBR 600 Motorcycle with a Colorado license plate number 463OAH (hereinafter "Honda"). At or about the aforementioned date and time, Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano, was the operator of a 2010 Ford E350 van with a United States license plate number J0038DET (hereinafter "Ford"). Plaintiff was travelling eastbound on East 30th Avenue west of the intersection with Peoria Street. Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano, was parked on the south side of East 30th Avenue facing east.

Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano, had a duty to maintain a proper lookout before turning into traffic. Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano, failed to keep a proper lookout thereby turning a U-turn in front of Plaintiff Jeremy Lawhon.

Plaintiff Jeremy Lawhon could not stop or avoid the Ford since it suddenly pulled out in front of him without warning. Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano, failed to operate the above referenced Ford in a reasonably prudent manner, failed to keep a proper lookout, and failed to yield to oncoming traffic, thereby causing a collision with Plaintiff. When Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano, struck Plaintiff, it was operating the Ford in a negligent, careless, and imprudent manner, failing to take the safety of others into account. Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano's negligent and careless actions were a direct and proximate cause of Plaintiff's injuries, damages, and losses sustained on or about the aforementioned time, date, and place.

As a direct and proximate result of the incident giving rise to this suit, Plaintiff has suffered injuries, damages and losses. As a direct and proximate result of Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano's negligence, Plaintiff has incurred past and future

economic expenses, damages, and losses, including, but not limited to, past and future medical expenses and loss of earning capacity.  As a direct and proximate result of Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.  As a direct and proximate result of Defendant United States of America, through its agency the Federal Bureau of Prisons' National Corrections Academy and employee Tracey L. Kahoano's negligence, Plaintiff has suffered physical impairment.  Plaintiff was not comparatively negligent in causing the above-described collision that occurred on or about August 18, 2016.

    b.    <u>Defendant</u>:

Defendant has not yet filed a response to Plaintiff's pleading, and consequently reserves the right to assert a full and complete statement of defenses at that time.  Nonetheless, Defendant United States denies that its employees or agents acted negligently or proximately caused Plaintiff's alleged damages.  In addition, the United States intends to assert or explore through discovery the following defenses:

- Plaintiff's damages are limited to the facts and circumstances and amounts set forth in their administrative claims.  28 U.S.C. § 2675(b).
- Plaintiff's damages are limited to the caps imposed by Colorado law.

4

- Plaintiff's claims are barred to the extent he seeks recovery based on alleged acts or omissions of anyone who was not an employee of the United States acting within the scope of his/her employment, or who was in independent contractor.

- Plaintiff's claims are barred, or their damages reduced, to the extent he failed to mitigate his damages.

- The United States is not liable for the prejudgment interest, expert witness fees, or attorney's fees.

c. <u>Other Parties:</u> None.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

- Plaintiff collided with a BOP van driven by BOP employee Tracy Kahoano on August 18, 2016.

- Plaintiff was travelling on a motorcycle at the time of the accident.

- Plaintiff was travelling eastbound on East 30th Avenue in Aurora, CO, when he collided with the van driven by Tracy Kahoano.

- At the time of the accident, the van driven by Tracy Kahoano was attempting to make a u-turn.

### 5. COMPUTATION OF DAMAGES

a. <u>Plaintiff's Economic Damages</u>

Plaintiff Jeremy Lawhon has suffered medical expenses, both past and future, lost wages, mileage, and out of pocket expenses currently estimated to be at $45,576.53. Plaintiff also has property damage that has not been compensated that is currently estimated to be at about $3,000.

5

    b.    <u>Plaintiff's Non-Economic and Additional Categories of Damages</u>

Plaintiff has suffered in the past, and will likely continue to suffer in the future, non-economic damages including but not limited to pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, physical impairment, permanent disfigurement and impairment of quality of life, the value of which will be determined by This Court and that is estimated to be $79,275.47.

    b.    <u>Defendant</u>:

None.

### 6. REPORT OF PRECONFERENCE SCHEDULING AND MEETING UNDER FED R. CIV. P. 26(f)

    a.    Date of Rule 26(f) meeting:  June 12, 2018, at 3:00 p.m.

    b.    Names of each participant and party he represented:

    Jason L. Walker, counsel for Plaintiff;

    W. Dean Carter, Esq., counsel for Defendant United States of America.

    c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made:

    Rule 26 initial disclosures are due on or before June 18, 2018, by agreement and the parties are not in dispute regarding said disclosures at this time.

    d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. CIv. P. 26(a)(1):

    By agreement of the parties, Rule 26(a)(1) disclosures will be made on or before June 18, 2018.

e. Statement concerning any agreements to conduct informal discovery:

None.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree that they will serve by email or electronic means all discovery requests and written responses and any other papers that are not filed through the CM/ECF system unless doing so is not technically feasible in which case those documents will be served via first-class mail or overnight delivery. The parties agree that document productions may be served on disc via first-class mail or through a file sharing system.

The parties agree that telephone depositions may be acceptable where practical and technically feasible.

The parties agree to produce to the other party any documents obtained via subpoena from a third party or through any open record act (including FOIA) within seven business days.

The parties agree that the production of privileged or protected documents (including electronic documents) without the intent to waive that privilege or protection does not constitute a waiver, so long as the disclosing party identifies the inadvertently-disclosed documents within a reasonable time. If such documents are identified, they will be returned promptly to the disclosing party.

The parties agree that they shall not seek discovery of documents created after the filing of the Plaintiff's administrative claim that are privileged because they are sent solely between counsel for either party, or that are privileged because they are sent between a party and that party's counsel. If any discovery request is susceptible of a construction which calls for the

7

production of such documents, those documents need not be produced or identified on any privilege log.

  g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

The parties do not anticipate that their claims, or defenses, will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties agree that ESI may initially be produced in PDF rather than native format. The parties agree that where the document or information produced does not indicate information that may be important (such as the date, location and specific terminal on which the document was created or modified, the sender and all recipients, and other metadata), the parties should discuss whether and how such information may be produced.

  h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Counsel for the parties spoke by telephone concerning the possibility for settlement on June 18, 2018.  No settlement is expected at this time.

  i. Statement concerning any agreements for preservation and production of electronically stored information:

The parties agree to store any and all electronically stored information pending discovery and conclusion of the trial.

## 7.  CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

None.

b. Limitations which any party proposes on the length of depositions.

None.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

None.

d. Other Planning or Discovery Orders.

None.

## 9.  CASE PLAN & SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

The filing of amended and supplemental pleadings will be made pursuant to Fed. R. Civ. P. 15.

b. Discovery Cut-Off:  January 31, 2019.

c. Dispositive Motion Deadline:  February 28, 2019.

d. Expert Witness Disclosures:

1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff anticipates disclosures in the following expert fields:

(i) Medical Treatment Providers;

9

      (ii)     Possible Liability Expert;

      (iii)    Any expert necessary to rebut Defendant's expert witnesses.

Defendants anticipate disclosures in the following expert fields:

      (i)      Physical and Rehabilitation Medicine

      (ii)     Economics

      (iii)    Any expert necessary to rebut Plaintiff's expert witnesses.

2. Limitations which the parties propose on the use or number of expert witnesses.

Plaintiff proposes limiting the number of expert witnesses to two retained experts per side, excluding medical providers.

Defendant proposes a limit of three expert witnesses, including medical providers, but excluding rebuttal experts.

3. The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 1, 2018.

4. The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 9, 2018.

e. Identification of Persons to Be Deposed:

1. List the names of persons each party expects to depose under Rule 30:

                        Plaintiff:

10

| Deponent: | Expected Length of Deposition |
|---|---|
| Defendant | 2.4 hours |
| Defendant's Retained Experts | 3.5 hours |

Defendant:

| Deponent: | Expected Length of Deposition |
|---|---|
| Plaintiff Jeremy Lawhon | Four hours |
| Plaintiff's Treating Physicians | Four hours |
| Plaintiff's Experts | Four hours |

f.  Deadline for Interrogatories:

The parties shall serve interrogatories to the other no later than 30 days prior to the discovery cut off of January 31, 2019, each party shall have 30 days to respond.

g.  Deadline for Requests for Production of Documents and/or Admissions:

The parties shall serve requests for production of documents to the other no later than 30 days prior to the discovery cut off of January 31, 2019.

## 10.  DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

b.  A final pretrial conference will be held in this case on _____ at ____ ._m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate the trial will last five (5) days. Pursuant to the Federal Tort Claims Act, the trial is to be tried by the Court.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The parties agree that the Scheduling Order may be amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___ day of June, 2018.

BY THE COURT

_____
United States District Magistrate
Michael J. Watanabe
DISTRICT OF COLORADO

APPROVED:

| | |
|---|---|
| */s/  Jason L. Walker*_____ | */s/W. Dean Carter*_____ |
| Jason L. Walker, Esq. | W. Dean Carter, Esq. |
| BACHUS & SCHANKER, LLC | Special Assistant United States Attorney |
| 1899 Wynkoop Street, Suite 700 | Mark S. Pestal, Esq. |
| Denver, CO 80202 | Assistant United States Attorney |
| Telephone: 303.893.9800 | 1801 California Street, Suite 1600 |
| Facsimile:  303.893.9900 | Denver, CO 80202 |
| jason.walker@coloradolaw.net | Telephone: 303-454-0100 |
| *Attorneys for Plaintiff* | E-mail:  william.carter@usdoj.gov |
| | mark.pestal@usdoj.gov |
| | *Attorneys for Defendant* |